# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| RICHARD DOE, as Father and Next Friend of JOHN DOE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | CASE NO.: _____ ) ) |
| ROBERT "CLAY" WEBB, DAWSON WINNINGHAM and WESLEY "WES" BROOKS, | ) ) ) |
| Defendants. | |

## COMPLAINT

COMES NOW, Plaintiff John Doe, a minor, by and through his father and Next Friend Richard Doe, and files his Complaint against Defendants Clay Webb (hereinafter "Webb"), Dawson Winningham (hereinafter "Winningham") and Wes Brooks (hereinafter "Brooks") and, in support thereof, shows as follows:

### PARTIES

1. Plaintiff John Doe is a minor resident of Calhoun County, Alabama. At all times relevant to this Complaint, John Doe was a student at Oxford High School located in Oxford, Talladega County, Alabama. John Doe brings this action by and through his father and Next Friend, Richard Doe.

2. Richard Doe, as father and Next Friend of the minor child John Doe, is an individual over the age of nineteen (19) and, at all times relevant hereto, was and

1

is a resident of Oxford, Calhoun County, Alabama.

3. Defendant Robert Clayton "Clay" Webb is above the age of nineteen (19) and is a resident of Clarke County, Georgia. At all times relevant hereto, Webb was a student at Oxford High School.

4. Defendant Dawson Winningham is a minor under the age of nineteen (19) and is a resident of Calhoun County, Alabama. At all times relevant hereto, Winningham was a student at Oxford High School.

5. Defendant Wesley "Wes" Brooks is above the age of nineteen (19) years and is a resident of Calhoun County, Alabama. At all times relevant hereto, Brooks was the baseball coach at Oxford High School. Brooks is being sued in his individual capacity.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are incorporated herein as if set out in full.

7. This action is filed pursuant to 42 U.S.C. § 1983 seeking redress of injuries suffered by Plaintiff John Doe due to deprivation, under color of state law, of rights secured by the Fourteenth Amendment to the United States Constitution. This action also claims violations of Alabama state law. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

8. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Alabama state law claims since these claims are so related to

the claims in the § 1983 civil rights action that they form part of the same case and controversy.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and other applicable law because the cause of action arose in Calhoun County, Alabama, which is situated within the district and divisional boundaries of the Northern District of Alabama, Eastern Division.

**FACTS**

10. Paragraphs 1 through 9 are incorporated herein as if set out in full.

11. Plaintiff and Defendants Webb and Winningham attended Oxford High School.

12. During the 2018 – 2019 academic year, Plaintiff and Winningham played on the school's baseball team. Brooks was and still is the Oxford High School baseball coach. Webb played on the school's football team.

13. On October 8, 2018, Plaintiff, Webb, Winningham, and various other male students were in a school building known as the "field house" showering and changing after morning workouts during regular school hours.

14. According to Oxford High School policy, Brooks should have been present in the locker room when it was in use by students. Plaintiff had previously been chastised by Brooks for being present in the locker room without a coach.

15. At no point during the following acts was Brooks present in the locker

room or otherwise supervising the students as required by school policy.

16. At an unknown time, Webb masturbated and ejaculated into a Powerade bottle.

17. Winningham and various other students were aware of these actions and the contents of the Powerade bottle.

18. Plaintiff noticed the soiled Powerade bottle on top of a locker next to the sinks.

19. Plaintiff took the bottle and asked Jaylan Thompson, another student, who owned the bottle. Thompson advised Plaintiff not to drink the Powerade.

20. Plaintiff then asked the room at large, "Does anyone know whose drink this is?"

21. Winningham replied, "Yeah, that's mine from last week. Don't worry about it, you can have it."

22. Plaintiff drank the full contents of the bottle, at which point the other students present began laughing at him.

23. Another student, Nick Hamlin, informed Plaintiff that Webb's semen had been in the bottle.

24. Plaintiff tried to force himself to throw up before calling his father, Richard Doe, to pick him up.

25. Due to the large number of athletes present during the incident, word

quickly spread throughout Oxford High School.

26. Plaintiff was called various homophobic slurs and sexually explicit insults by classmates and members of the football team.

27. Others threw or rolled Gatorade bottles at him with insulting notes attached.

28. On November 1, 2018, a car drove by Plaintiff's home that he shares with his parents and threw a Gatorade bottle into the yard and yelled insults.

29. Similar incidents continued throughout the rest of the school year and throughout the summer break.

30. Shortly before school resumed in fall 2019, Richard Doe had Plaintiff transferred to the private Coosa Valley Academy in Harpersville, Alabama.

31. Plaintiff has experienced extreme and ongoing emotional, mental, and physical anguish as a result of these actions by Webb and Winningham and the negligence of Brooks.

## CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1983
### [Violation of 14th Amendment, Due Process, Equal Protection, 42 U.S.C. § 1983]
### Defendant Brooks

32. Paragraphs 1 through 32 are incorporated herein as if set out in full.

33. The abuse, harassment and intimidation toward Plaintiff John Doe occurred on school property and while he was under the authority and control of Defendant Brooks.

34. Brooks, in his individual capacity, violated Plaintiff's rights under 42 U.S.C. § 1983 and his Fourteenth Amendment Equal Protection rights by failing to protect him from harassment, intimidation and assault by Webb and Winningham at Oxford High School.

35. Plaintiff is entitled to an award of compensatory and punitive damages against Brooks in his individual capacity.

WHEREFORE, Plaintiff demands judgment against Brooks in a sum to be determined by a jury which will fairly and adequately compensate Plaintiff for his injuries and damages, together with interest from the date of injury, attorneys' fees and the costs of this proceeding.

## Count II – Tort of Outrage
## (a.k.a. Intentional Infliction of Emotional Distress)
## Defendants Webb and Winningham

36. Paragraphs 1 through 31 are incorporated herein as if set out in full.

37. Plaintiff was subjected to conduct by Webb and Winningham so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

38. The actions referred to herein were intended on the part of Webb and Winningham to cause the Plaintiff to suffer severe emotional distress or with reckless disregard as to the effect of such conduct.

39. As a direct and proximate result of such extreme and outrageous conduct by Webb and Winningham, Plaintiff has suffered mental and physical anguish and severe emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for compensatory and punitive damages, costs of this action, interest, and such other legal and equitable relief as this Court deems necessary and proper.

## Count III – Recklessness / Wantonness
## Defendants Webb and Winningham

40. Paragraphs 1 through 31 are incorporated herein as if set out in full.

41. Webb and Winningham recklessly and/or wantonly injured Plaintiff

and breached their duty to Plaintiff to not cause Plaintiff any harm.

42. As a direct and proximate result of Webb and Winningham's recklessness and/or wantonness, Plaintiff has suffered severe personal injuries and mental anguish.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants in an amount within the jurisdiction of this Court, plus costs of this action, interest and all other relief, including equitable, that this Court deems justified and proper.

## Count IV– Negligence
## All Defendants

43. Paragraphs 1 through 31 are incorporated herein as if set out in full.

44. Defendants negligently injured Plaintiff and breached their duty to Plaintiff to not cause Plaintiff any harm.

45. Brooks breached his duty to Plaintiff by failing to adequately supervise Webb, Winningham, and Plaintiff while they were in the locker room as dictated by Oxford High School policy.

46. Webb and Winningham each breached their duty to Plaintiff to not cause Plaintiff any harm, as is owed to any person in a society.

47. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered severe personal injuries and mental anguish.

48. Plaintiff's injuries may have been an unintended consequence of Defendants' actions.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants in an amount within the jurisdiction of this Court, plus costs of this action, interest and all other relief, including equitable, that this Court deems justified and proper.

### JURY DEMAND

Plaintiff demands trial by struck jury on all issues triable at law.

Respectfully submitted this the 11th day of December, 2019.

       s/ Eric J. Artrip
       Teri Ryder Mastando (ASB-4507-E53T)
       Eric J. Artrip (ASB-9673-I68E)
       MASTANDO & ARTRIP, LLC
       301 Washington St., Suite 302
       Huntsville, Alabama 35801
       Telephone:   (256) 532-2222
       Facsimile:   (256) 513-7489
       teri@mastandoartrip.com
       artrip@mastandoartrip.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

Robert "Clay" Webb
c/o Dana Webb
906 Hillbrier Drive
Oxford, AL 36203

Dawson Winningham
145 Oak Hill Road
Oxford, AL 36203

Dawson Winningham
c/o Greg and Lynn Winningham
145 Oak Hill Road
Oxford, AL 36203

Wesley "Wes" Brooks
2511 Coldwater Road
Anniston, AL 36201

                                        s/ Eric J. Artrip
                                        Eric J. Artrip